THE STATE, EX REL. GARNER, v. RENZ, CLERK OF COURTS.
THE STATE, EX REL. WANZO, v. RENZ, CLERK OF COURTS.
THE STATE, EX REL. JEWEL TEA CO., INC., v. RENZ, CLERK OF COURTS.

(Decided September 30, 1935.)

*Messrs. Cotter & McFellin, Mr. Wm. H. McLellan, Jr.,* and *Mr. Brandon C. Schnorff,* for relators.

*Mr. Frazier Reams,* prosecuting attorney, *Mr. Wayne Geisinger,* and *Mr. Paul W. Alexander,* for respondents.

LLOYD, J. The three above-captioned cases present the same problem for consideration and solution. Garner and Wanzo reside and are engaged in business in Toledo, and The Jewel Tea Company, Inc., a corporation organized under and by virtue of the laws of New York, has been duly authorized to do business in the state of Ohio and has a place of business in Toledo. Each of the relators purchased motor vehicles in the state of Illinois, the respective sales having been consummated there. The defendant, William F. Renz, who is the Clerk of Courts of Lucas county, Ohio, refused to file the bills of sale therefor solely because there was not attached thereto, as provided by Section 6310-10, General Code, tax receipts evidencing the payment of the tax on retail sales of tangible personal

property imposed .by Section 5546-2, General Code. Because of the refusal of the clerk to file the bills of sale received from the non-Ohio vendors of the motor vehicles in question, the relators are not able to obtain the licenses required by Section 6294, General Code, permitting the driving and operation in Ohio of the motor vehicles so purchased. Each of the relators asks for a writ of mandamus to compel the clerk of courts to file the bill of sale received from the Illinois vendor, so that the license required by Section 6294, General Code, may be obtained.

The answer to the question involved seems so evident that any lengthy statement of the reasons therefor is unnecessary. There is no statutory provision placing the sale of a motor vehicle upon any different basis as to the imposition of the statutory excise tax than is placed upon any other tangible personal property. The duty of the clerk not to file a bill of sale evidencing the transfer of the title to a motor vehicle unless there is attached thereto the receipt for payment of the tax where the law requires payment thereof does not place motor vehicles in an exclusive or different class from that of other tangible personal property subject to the tax. No one has suggested that any tax can be imposed or collected on retail sales of other tangible personal property made in another state, and our conclusion of course is that none can be imposed or collected on the retail sale of a motor vehicle so consummated.

The excise tax is payable to the state by the vendor, who in turn collects it from the purchaser. The vendors in the cases at bar not residing or doing business in Ohio are not subject to the payment or collection of the tax, and without further discussion we conclude that the statutory provisions in question expressly exempt sales of the class in question from the

imposition of the retail sales tax required on sales made in Ohio.

It is therefore ordered that the writs of mandamus be issued, as requested by relators.

*Writs allowed.*

OVERMYER and CARPENTER, JJ., concur.